IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EMANUEL KEMP, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv64 |
| DON LEONARD | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Emanuel Kemp, Jr., an inmate currently confined in the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Don Leonard, a judge or court employee at the Tarrant County Courthouse, Courtroom Number 3.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Liberally construed, plaintiff's complaint is interpreted to claim the defendant applied undue pressure by torture causing plaintiff's collapse and illness.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claims arose in Fort Worth, Texas. Fort Worth is located in Tarrant County, Texas which is in the Northern District of Texas. Further, the defendant resides in Fort Worth, Texas where the claims arose.[1]

Pursuant to 28 U.S.C. § 124, Tarrant County is in the Fort Worth Division of the Northern District of Texas. As Tarrant County is located in the Northern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Northern District of Texas, Fort Worth Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 10th day of May, 2017.

_____
Zack Hawthorn
United States Magistrate Judge

---

[1] To the extent plaintiff's claims may be liberally interpreted as a challenge to his conviction, the United States District Court for the Northern District of Texas is also an appropriate venue to determine the legality of his Tarrant County conviction.